**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **TIMOTHY ORMAN and** | ) | |
| **DEBRA ALMOND,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 06-2103-CM** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Timothy Orman and Debra Almond bring this case claiming that defendant, the United States of America, improperly rejected plaintiffs' claim for a tax refund and collected interest from plaintiffs on an amount improperly assessed as a deficiency against plaintiffs. Plaintiffs seek damages of $31,935 and interest thereon, plus a refund of other interest charged. The case is before the court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiffs claimed the refund at issue in their 1997 tax return. A claim for this refund had to be filed on or before the Refund Statute Expiration Date (RSED) of October 15, 2001 in order to be timely-filed under I.R.C. § 6511(b)(2)(A).[1] Defendant asserts that it did not receive plaintiffs' 1997 tax return until December 1, 2003. Based on the December 1, 2003 filing date, plaintiffs' return was not timely-filed, and therefore defendant informed plaintiffs, via letter dated April 20, 2004, that

_____

[1]   Section 6511(b)(2)(A) sets forth that any refund is limited to the amount paid within three years of the refund claim, including any official extension time. Plaintiffs were granted a six-month filing extension for their 1997 return, and that additional time is reflected in the RSED of October 15, 2001.

their refund claim was disallowed for failure to file before the RSED.

Plaintiffs exercised their right to appeal that decision, and provided evidence from their accountant that the 1997 return was  prepared and returned to them in September 2000.  They assert that they then mailed the return late in 2000.  Defendant replied by stating again that it did not receive the return until December 1, 2003.  The appeal was denied.  Plaintiffs then filed suit in this court.

The matter now before the court is whether the court has subject matter jurisdiction over this case.  Defendant argues that because plaintiffs failed to timely file their refund claim, the court lacks subject matter jurisdiction under 26 U.S.C. § 7422, and the case should be dismissed.   Plaintiffs counter that they did timely file the return, and that timely preparation of the return in question is sufficient to create a presumption that they mailed it on time.

The filing of a timely tax return is "a jurisdictional prerequisite to maintaining a tax refund suit."  *Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993) (internal citation omitted). Plaintiffs rely upon 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a) as the basis for the court's jurisdiction in this case.  Section 1346(a)(1)  provides that "district courts shall have original jurisdiction . . . of . . . [a]ny civil action against the Untied States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ."  Section 7422(a) provides, however, that "[n]o suit or proceeding shall be maintained . . . for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for a refund . . . has been duly filed with the Secretary [of the Treasury] . . . ."  26 U.S.C. § 6511(a) further provides that any claim for a refund "shall be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever of such

periods expires the later."  Section 6511(b)(2)(A) adds that a refund for overpayment is allowable

only if the taxpayer filed the original return with a claim for refund during the three year period set

forth in § 6511(a), plus any official extension time granted.

A six-month extension was granted in this case; therefore, to be timely under section

6511(b)(2)(A), and thus subject to this court's jurisdiction, plaintiffs' claim for refund must have

been filed on or before October 15, 2001.  In *Sorrentino v. Internal Revenue Service*, 383 F.3d 1187

(10th Cir. 2004), the Tenth Circuit addressed the evidentiary requirements for creating a presumption

that a return was timely-filed.  The *Sorrentino* court acknowledged the common law "mailbox rule"

– that "[w]hen mail matter is properly addressed and deposited in the United States mails, with

postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the

addressee in the ordinary course of mail."  383 F.3d at 1190 (internal citation omitted).  The court

also noted that under 26 U.S.C. § 7502(a)(1), the date of the postmark on the envelope in which a

return is mailed is deemed the delivery date of the return.[2]  *Id.* at 1191.  After considering both the

"mailbox rule" and the language of § 7502, the Tenth Circuit held, in accordance with the Eighth

and Ninth Circuits holdings in *Estate of Wood v. Commissioner of Internal Revenue*, 909 F.2d 1155

(8th Cir. 1990) and *Anderson v. United States*, 966 F.2d 487 (9th Cir. 1992), that a presumption that

the return was mailed turns on (1) physical evidence of a postmark, or (2) extrinsic evidence of

mailing other than the taxpayer's "self-serving testimony."  *Sorrentino*, 383 F.3d at 1194.

Plaintiffs argue that evidence of tax preparation before October 15, 2001 creates a

presumption that the return was timely-filed pursuant to the "mailbox rule."  The court finds this

argument unpersuasive.  The "mailbox rule" requires evidence that the piece of  mail in question

---

[2]  In *Sorrentino*, the Tenth Circuit acknowledged that a circuit split exists "as to what extent, if any, Congress intended to supplant the mailbox rule in enacting [section]7502."  383 F.3d at 1193.

was "properly addressed and deposited in the United States mail." Plaintiffs present no such evidence, and evidence of mere preparation is not enough.

Furthermore, even under the *Sorrentino* extrinsic evidence standard, the court finds the evidence offered by plaintiffs insufficient to create a presumption that the return was mailed on or before October 15, 2001. In *Estate of Wood*, a tax deficiency case, the taxpayers established a presumption of timely mailing when a postal employee testified that she specifically recalled the representative of the estate mailing the tax return before the cut-off date. 909 F.2d at 1155. Similarly, in *Anderson*, a refund case, the taxpayer's testimony that she timely mailed the return was corroborated by an affidavit from an individual who accompanied her to the post office. 966 F.2d at 487. In both of these cases, the plaintiffs offered meaningful extrinsic evidence that the returns in question were actually mailed. Plaintiffs in the case at hand offer no such evidence. Self-serving testimony that they mailed the return is not enough to meet the burden of proof. *See Sorrentino*, 383 F.3d at 1195.

Because plaintiffs lack sufficient evidence that they filed the 1997 tax return in a timely fashion, the court lacks subject matter jurisdiction over this lawsuit.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) is granted**.**

Dated this 21st day of August 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

-4-